DEFINITIONS AND GENERAL PROVISIONS
Under the provisions of 25 O.S. 310 [25-310] (1977), a legislator, who is also a member of a legislative education committee, does not have a statutory right to attend the executive sessions of a board of education wherein individual employment matters are discussed. However, a local board of education may, in exercising its judgment and discretion, permit such attendance. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Under the provisions of 25 O.S. 310 [25-310] (1977), does a legislator, who is a member of the education committee, have the right to meet in executive session with a local school district board of education when the employment of individuals is being discussed? Your question arises under the provisions of the Oklahoma Open Meeting Act enacted pursuant to H.B. 1416, Chapter 214, O.S.L. 1977. This Act is applicable to local school district boards of education and their respective meetings, and accordingly, to answer your question, initial reference may be made to its provisions. Refer, 25 O.S. 304 [25-304] (1977). The Oklahoma Open Meeting Act requires all meetings of public bodies to be open to the public. Refer, 25 O.S. 303 [25-303] (1977). Title 25 O.S. 307 [25-307] (1977) is the exclusive statutory exception to the open meeting requirement. This section authorizes "executive sessions" and provides as follows: "No public body shall hold executive sessions unless otherwise specifically provided for herein. "Executive sessions of public bodies will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee; or by district boards of education for the purpose of hearing evidence and discussing the expulsion or suspension of a student when requested by the student involved or his parent, attorney or legal guardian and for the purpose of discussing negotiations concerning employees and representatives of employee groups. Provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded. "No executive session by a public body shall occur except on a vote by a majority of a quorum of the members present." (Emphasis added) In a previous opinion of the Attorney General, 9 Okl.Op.A.G. ________ (Opinion No. 76-334, issued November 15, 1976), the Attorney General was asked who, other than school board members, should be present at a closed executive meeting where a discussion on re-hiring school teachers, staff or administration takes place. This Opinion held: "Under 25 O.S. 201 [25-201] (1971) Now 25 O.S. 307 [25-307] (1977), a local school board can meet in executive session to discuss on an individual basis the re-hiring of a school teacher, staff member or administrator; however, it cannot in executive session conduct any evidentiary due process type hearing, such as provided for in 70 O.S. 6-103 [70-6-103] and 70 O.S. 6-122 [70-6-122] (1976), or otherwise hear testimony of witnesses. A local school board has discretion to select those persons which it desires to be present at a lawful executive session, and the decision as to who should be present is within the sound discretion of the board exercised in a reasonable manner based on the facts and circumstances in each instance." (Emphasis added) The conclusion and holding of the above quoted prior opinion has not been superseded by the new provisions of the Open Meeting Act and is a currently applicable statement of the law respecting those who may attend a lawful executive session. However, this general holding is subject to the statutory exception set forth at 25 O.S. 310 [25-310] (1977). This Section provides: "Any member of the Legislature appointed as a member of a committee of either branch of the Legislature or joint committee thereof or a committee of the State Legislative Council shall be permitted to attend any executive session authorized by this act of any state agency, board or commission whenever the jurisdiction of such committee includes the actions of the public body involved." A plain reading of the above quoted 25 O.S. reflects that a member of the Oklahoma Legislature may attend any executive session of a public body under circumstances where (1) the legislator is "a member of a committee of either branch of the Legislature or a joint committee thereof or a committee of the State Legislative Council", and (2) "the jurisdiction of such committee includes the actions of the public body involved." Your question appears to reflect that the first above noted condition for attendance would be per se met. It therefore remains to be determined if such committee of which the legislator is a member possesses such jurisdiction as would include the actions of the public body incident to the subject executive session. The subject of the executive session referred to within your question is "the employment of individuals." We interpret this to refer to employment discussions relative to an individual employee or employment applicant as opposed to collective individual employment matters. As noted in 5 Okl.Op.A.G. 231 (Opinion No. 72-233), the executive session exception to the open meeting law for purposes of discussing employment matters is applicable only to the discussion of employment matters relating to individual public officers and employees and does not apply to discussions by a local school board concerning collective employment matters not related to the qualifications of any particular individual. Traditionally and by statute in Oklahoma, individual employment matters are exclusively within the jurisdiction, judgment and discretion of a school district governing board of education, this being subject to respectively applicable appellate procedures. Refer generally, 68Am.Jur.2d, "Schools" Section 128. As provided at 70 O.S. 5-117 [70-5-117] (1977): "The board of education of each school district shall have power to elect its own officers; to make rules and regulations, not inconsistent with the law or rules and regulations of the State Board of Education, governing the board and the school system of the district; to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts; . . . to contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district and pay their necessary travel expenses, and pay necessary travel expenses of members of the board of education; . . ." (Emphasis added) In addition to recognizing the primarily exclusive jurisdiction which a governing board of education possesses with respect to individual employment matters, we are unaware of any existing legislative committee which possesses comparable jurisdiction. Your question does not specify which particular legislative education committee is involved nor a reference to its designated jurisdiction. However, we are aware of no legislative committee which possesses jurisdiction over individual employment matters such as are contemplated within the meaning of 25 O.S. 307 [25-307] (1977), supra, and we are thus compelled to assume that the subject committee does not possess such jurisdiction. Accordingly, your question must be answered in the negative given the apparent absence of the legislative committee jurisdiction over actions of the board of education (in executive session) in individual employment matters. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Under the provisions of 25 O.S. 310 [25-310] (1977), a legislator, who is also a member of a legislative education committee, does not have a statutory right to attend the executive sessions of a board of education wherein individual employment matters are discussed. However, a local board of education may, in exercising its judgment and discretion, permit such attendance. (R. THOMAS LAY)